# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROLINE BIRK,  No. 2:13-CV-1369-MCE-CMK

    Plaintiff,

  vs.  FINDINGS AND RECOMMENDATIONS

BANK OF AMERICA, et al.,

    Defendants.

_____/

    Plaintiff, who is proceeding pro se, brings this civil action alleging, among other things, "wrongful foreclosure" and "slander of title," as well as violations of state law, with respect to loans secured by real property and subsequent foreclosure of that property. This is plaintiff's second action filed in this court concerning the same loan and foreclosure.[1]

/ / /

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967). Here, the court judicially notices plaintiffs' prior action, Birk v. Gateway Funding Corp., 2:10-CV-1039-MCE-CMK, which was dismissed on March 31, 2011.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

In the current action, plaintiff alleges the same underlying facts as in the prior action and adds:

> Due to the above mentioned fraudulent transactions of multiple transfers in disregard of California foreclosure laws and California Business and Professional Codes, Plaintiff is presenting this 'Wrongful Foreclosure' suit and will show through detailed loan audit and chain of title analysis, that Plaintiff's title has suffered 'Slandered Title' deliberately and willfully at the hands of the Defendants and with blatant disregard of the financial and emotional ramifications that would befall Plaintiff, that have caused Plaintiff to suffer damages to be proven at trial. Plaintiff also alleges there are 'unconscionable' violations in the original loan of 2004. Plaintiff was placed in a 'stated income' status, and inflated and fraudulent appraisal was used and Plaintiff was put in an adjustable rate loan which Plaintiff, based on true income, would never been able to afford over the life of the loan. Plaintiff was encouraged into this loan without due explanation of the potential consequences of the adjustable rate, which consequently went from around a $1,500 payment to over $4,500 a month payment, fraudulently giving Defendants Yield Spread Premiums. The Defendants knew the effects of this type of loan, especially as an 'interest only' payment plan. Plaintiff was thus deceived by Defendants into accepting a loan that was contrary to Plaintiff's situation and needs and was 'unconscionably' designed for the sole purpose of foreclosure and profit for the Defendant. Plaintiff relied on Defendants claims that Defendants knew the best way to structure the transaction and would help Plaintiff make the best consumer transaction

      possible.  Defendants have thus also violated various consumer protection statutes, violating the policy and spirit of such laws, including but not limited to California Business and Professions Code 1709, 1710, 1711, 1770 and 1639 of Title 15 of the United States Codes.  These willful actions on the part of the Defendants have caused Plaintiff damages to an amount to be determined at trial.  Thus due to the above aforementioned matters and transactions Plaintiff seeks to 'Quiet Title' on the subject property against Defendants whose claims are without right and therefore have no right, title, lien or interest in the property. . . .

      The only reference in the current complaint to a cognizable federal legal theory is plaintiff's citation to 15 U.S.C. § 1639, which is a portion of the Truth in Lending Act, 15 U.S.C. § 15601, et seq. ("TILA").  Plaintiff's TILA claims with respect to the loan and foreclosure referenced in this action were dismissed with prejudice in the prior action.  Thus, the only federal claim suggested in the current action should also be dismissed.  Plaintiff's state law claims, to the extent cognizable, should be litigated in state court, as plaintiff was instructed upon dismissal of the prior action.

      Based on the foregoing, the undersigned recommends that this action be dismissed for lack of jurisdiction.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2014

                                                                                               *Craig M. Kellison*
                                                                                        **CRAIG M. KELLISON**
                                                                                        UNITED STATES MAGISTRATE JUDGE